admissible form *(see, Maust v Arseneau,* 116 AD2d 1012). (Appeal from order of Supreme Court, Erie County, Kane, J.—summary judgment.) Present—Boomer, J. P., Green, Balio, Davis and Lowery, JJ.

■ Lori Whitaker, as Administratrix of the Estate of William D. Whitaker, Deceased, Appellant, v Mercy Hospital, Respondent, et al., Defendants. (Appeal No. 2.)—Order unanimously affirmed without costs. Same memorandum as in *Whitaker v Mercy Hosp.* ([appeal No. 1] 163 AD2d 897 [decided herewith]). (Appeal from order of Supreme Court, Erie County, Kane, J.—summary judgment.) Present—Boomer, J. P., Green, Balio, Davis and Lowery, JJ.

■ Lori Whitaker, as Administratrix of the Estate of William D. Whitaker, Deceased, Appellant, v Mercy Hospital et al., Defendants, and Gerald S. Klee, Respondent. (Appeal No. 3.)—Order unanimously affirmed without costs. Same memorandum as in *Whitaker v Mercy Hosp.* ([appeal No. 1] 163 AD2d 897 [decided herewith]). (Appeal from order of Supreme Court, Erie County, Kane, J.—summary judgment.) Present—Boomer, J. P., Green, Balio, Davis and Lowery, JJ.

■ Lori Whitaker, as Administratrix of the Estate of William D. Whitaker, Appellant, v Mercy Hospital et al., Respondents. (Appeal No. 4.)—Appeal unanimously dismissed without costs. Memorandum: No appeal lies from the denial of a motion to reargue *(see, Lewis v Williamsville Tower Assocs.,* 144 AD2d 923). (Appeal from order of Supreme Court, Erie County, Kane, J.—reargument.) Present—Boomer, J. P., Green, Balio, Davis and Lowery, JJ.

■ The People of the State of New York, Respondent, v Charles F. Anderson, Jr., Appellant.—Judgment unanimously affirmed for reasons stated in decision at suppression court, Connell, J. (Appeal from judgment of Monroe County Court, Connell, J.—arson, first degree.) Present—Callahan, J. P., Doerr, Denman, Lawton and Davis, JJ.

■ The People of the State of New York, Respondent, v John W. Harris, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of assault in the second degree and criminal possession of a weapon in the third degree. The convictions arose from an incident that occurred on April 12, 1988 when defendant allegedly stabbed his girlfriend in the chest with a butcher knife following an argument in their home. He contends, *inter alia,* that the court's